CAMPUS INVESTMENTS,
INC., Petitioner

v.

Anthony Sean CULLEVER and Kevin
Michael Els, Respondents.

No. 03–0819.

Supreme Court of Texas.

Sept. 3, 2004.

Rehearing Denied Oct. 15, 2004.

---

George W. Vie III, Mills Shirley L.L.P., Galveston, for petitioner.

Bradford Neal Oesch, Harold B. Jarnigan Jr., Bradford N. Oesch, P.C., Houston, for respondent.

PER CURIAM.

The evidence at the trial of this bill of review showed that a certificate of service from the Secretary of State was on file ten days before the underlying default judgment was granted, but citation and return were not. *See* Tex.R. Civ. P. 107. Relying on its opinion in *G.F.S. Ventures, Inc. v. Harris,* 934 S.W.2d 813 (Tex.App.-Houston [1st Dist.] 1996, no writ), the First Court of Appeals held this was sufficient. 141 S.W.3d 641. Petitioner points out that this opinion conflicts with the Sixth Court of Appeals' opinion to the contrary in *Onyx TV v. TV Strategy Group, LLC,* 990 S.W.2d 427 (Tex.App.-Texarkana 1999, no

pet.). Finding the First Court's analysis correct, we approve the former, disapprove the latter, and affirm.

Anthony Sean Cullever and Kevin Michael Els brought suit alleging they suffered injuries during a robbery that took place at the adult book store where they allege they were employees of Campus Investments, Inc. After several unsuccessful attempts to serve the latter's registered agent, they requested service on the Secretary of State. Tex. Bus. Corp. Act art. 2.11, § B. The Secretary subsequently issued a certificate that he had received and forwarded a copy of the citation and Second Amended Original Petition to Campus by certified mail, which was returned marked "Attempted—Not Known."

██ Rule 107 prohibits a default judgment until citation and proof of service have been on file for ten days. Tex.R. Civ. P. 107. In *Whitney v. L & L Realty Corp.,* we reversed a default judgment because the record included proof of service on the Secretary of State, but not a certificate that the Secretary had forwarded process to the defendant. 500 S.W.2d 94, 95–96 (Tex.1973). There was such a certificate in *Capitol Brick, Inc. v. Fleming Mfg. Co.,* so we held that "[a]bsent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of [the defendant], received service of process for [the defendant] and forwarded the service as required by the statute." 722 S.W.2d 399, 401 (Tex.1986); *see also* TEX. BUS. CORP. ACT art. 9.05, § A (providing that certificates issued by the Secretary are prima facie evidence of facts recited therein).

The First Court of Appeals interpreted *Capitol Brick* to dispense with any requirement that the default judgment record include the citation and return. 141 S.W.3d 641; *G.F.S. Ventures,* 934 S.W.2d

at 818. The Sixth Court of Appeals noted, however, that without the citation it will be impossible to tell whether the defendant was informed of the many details necessary to respond to the lawsuit. *Onyx TV,* 990 S.W.2d at 430–31; *see* Tex.R. Civ. P. 99 (requiring citation to contain 12 discrete items, including time when answer is due and warning regarding default).

We agree with the First Court. When substituted service on a statutory agent is allowed, the designee is not an agent for *serving* but for *receiving* process on the defendant's behalf. *See Capitol Brick,* 722 S.W.2d at 401; *World Distribs. v. Knox,* 968 S.W.2d 474, 479 (Tex.App.-El Paso 1998, no pet.). A certificate like the one here from the Secretary of State *conclusively* establishes that process was served. *Capitol Brick,* 722 S.W.2d at 401. As the purpose of Rule 107 is to establish whether there has been proper citation and service, the Secretary's certificate fulfills that purpose.

 We recognize that service of a *defective* citation through substituted service on the Secretary of State could mislead a defendant and lead to an improper default judgment. In such cases, a defendant may bring a bill of review and establish those facts. *Caldwell v. Barnes,* 975 S.W.2d 535, 537, 539 (Tex.1998) (holding affidavits filed in bill of review proceeding corroborating lack of service raised fact question for trial). But Campus was not misled here because – as it had failed to update addresses for its registered agent and registered office – it never received anything the Secretary sent. Accordingly, Campus was negligent in failing to comply with its statutory duties. *See, e.g.,* Tex. Bus. Corp.

Act arts 2.10, 2.10–1, 8.09. We hold there is some evidence to support the trial court's denial of the bill of review. *Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 927 (Tex.1999) (per curiam) (holding that bill of review claimant must show prior judgment did not result from own fault or negligence).[1]

Accordingly, without hearing oral argument, we grant the petition for review, and affirm the judgment of the court of appeals. Tex.R.App. P. 59.1.

---

1. Campus also asserts that the Second Amended Original Petition did not allege a "registered office." We disagree, as the pleading alleged the corporation's registered agent "could not be found at the registered

office located at 4920 Center, Houston, Harris County, Texas 77007." According to the Secretary's affidavit, this was the address to which he directed process.