Motion for Rehearing Overruled; Reversed and Remanded; Majority and
Dissenting Opinions issued October 31, 2006 Withdrawn and Substitute Majority
and Dissenting Opinions filed January 11, 2007








Motion
for Rehearing Overruled; Reversed and Remanded; Majority and Dissenting
Opinions issued October 31, 2006 Withdrawn and Substitute Majority and
Dissenting Opinions filed January 11, 2007.




 
 
 
  
 
 
 




 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00206-CV

____________

 

HARVESTONS SECURITIES, INC., Appellant

 

V.

 

NARNIA INVESTMENTS, LTD., Appellee

 



 

On Appeal from the 270th
Judicial District

Harris County, Texas

Trial Court Cause No. 00-39672-A

 



 

S U B S T I T U T
E   D I S S E N T I N G   O P I N I O N

The dissenting
opinion issued in this case on October 31, 2006 is withdrawn, and the following
substitute dissenting opinion is issued in its place.

A default judgment
can be upheld only if, among other things, the record affirmatively shows
strict compliance with the rules for service of citation.  Primate Constr.,
Inc. v. Silver, 884 S.W.2d 151, 151 (Tex. 1994).  Although a proper return
of service can often be prima facie proof of such compliance, there are
instances in which it is not sufficient to do so and therefore irrelevant to
the issue.













One example of
this is where the Secretary of State is deemed to be a defendant corporation=s agent for
service of process under article 2.11(B) of the Business Corporation Act (ABCA@).[1] 
Upon being served with process pursuant to this provision, the Secretary of
State is required to immediately forward a copy by registered mail to the
corporation at its registered office address.[2]  
However, to obtain a default judgment after such service, it is not sufficient
for the record to merely show proper service of citation on the Secretary of
State.  Whitney v. L & L Realty Corp., 500 S.W.2d 94, 96 (Tex.
1973).  Instead, the record must show that the Secretary of State received and
forwarded a copy of the process to the defendant in accordance with the
statute.  Id.  This requirement can be conclusively satisfied with a
certificate from the Secretary of State indicating that he received and forwarded
a copy of the citation and petition to the defendant in the manner prescribed. 
Campus Invs., Inc. v. Cullever, 144 S.W.3d 464, 465B66 (Tex. 2004).[3] 
A default judgment issued after such service will be upheld even if the record
affirmatively shows that the process forwarded by the Secretary of State was
returned undelivered and was therefore never received by the defendant.  Id. 
In addition, where the record reflects such receipt and forwarding by the
Secretary of State, it dispenses with any requirement that the default judgment
record even include the citation and return.  Id.

In recognizing
that a certificate from the Secretary of State is a sufficient form of evidence
to reflect the required information, the opinion in Campus Investments
cited the following provision:

All certificates
issued by the Secretary of State in accordance with the provisions of this
[Business Corporation] Act, and all copies of documents filed in his office
in accordance with the provisions of this Act, when certified by him, shall
be taken and received in all courts, public offices, and official bodies as prima
facie evidence of the facts therein stated . . . .

Id. at 465 (citing Tex. Bus. Corp. Act Ann. art. 9.05(A)
(Vernon 2003) (emphasis added)).  Therefore, although a certificate was used in
that case, it logically follows from the language of article 9.05(B) that a
certified copy of another document, containing the necessary information and
filed with the Secretary of State, would have also been sufficient.

In this case, as a
securities dealer registered in the State of Texas,  Harvestons was required
to, and did, file an irrevocable power-of-attorney, appointing the Securities
Commissioner its attorney-in-fact upon whom service of process could be served
and further stating:[4] 


that any and all lawful processes against it which may be served upon
its said attorney-in-fact shall be deemed valid personal service upon said
corporation, and that all process served upon the said Securities Commissioner
shall be and have the same effect as if such corporation were organized and
created under the laws of the State of Texas, and had been lawfully served with
process therein.  








See Texas Securities
Act, 55th Leg., R.S., ch. 269, _ 16, 1957 Tex. Gen. Laws 575, 593, repealed
by Act of June 15, 2001, 77th Leg., R.S., ch. 1091, _ 2.24, 2001 Tex.
Gen. Laws 2399, 2419 (current version at Tex.
Rev. Civ. Stat. Ann. art. 581B8 (Vernon Supp.
2006-2007)).[5] 
Like article 2.11(B) of the BCA, the Securities Act requires the Securities
Commissioner, when served with such process, to forward it by United States
(not certified) mail to the last known address of the dealer.  Tex. Rev. Civ. Stat. Ann. art. 581B8 (Vernon Supp.
2006-2007).  In addition, like article 9.05(A) of the BCA, the Securities Act
provides:

Copies of all
papers, instruments, or documents filed in the office of the Commissioner,
certified by the Commissioner, shall be admitted to be read in evidence in all
courts of law and elsewhere in this state in all cases where the original would
be admitted in evidence.

Id. art. 581B30 (Vernon Supp.
2006-2007).  However, unlike article 9.05(A), article 581B30 of the
Securities Act makes no specific reference to issuance of a certificate.[6]








As evidence of compliance with the
requirements for service of process, the default judgment record in this case
contains a certified copy of a letter (the Aletter@) from the Securities Commissioner to Harvestons.  This letter
references the style and case number of this case in the trial court and
states: AThe Securities Commissioner has
received process in the above-referenced lawsuit.  Since HARVESTON SECURITIES,
INC. [sic] is named as a defendant, we are forwarding process to you.@  The letter thus reflects that
service of process was received by the Commissioner and forwarded to Harvestons
in accordance with article 581-8[7]
and is sufficient evidence of these facts under article 581B30.  Because the default judgment
record thereby reflects compliance with the rules for service of process that
apply in this case, the sufficiency of the return of citation showing service
on the Commissioner is immaterial.  Accordingly, I would not reverse the
judgment of the trial court for a defective showing of service of process.

 

 

 

/s/      Richard H. Edelman

Justice

 

Judgment rendered
and Majority and Dissenting Opinions filed January 11, 2007. 

Panel consists of
Justices Anderson, Edelman, and Frost.  (Frost, J., majority).









[1]                      See Tex.
Bus. Corp. Act Ann. art. 2.11(B) (Vernon Supp. 2006) (AWhenever a corporation shall fail
to appoint or maintain a registered agent in this State, or whenever its
registered agent cannot with reasonable diligence be found at the registered
office, then the Secretary of State shall be an agent of such corporation upon
whom any such process, notice, or demand may be served.@).





[2]                      Id. (AIn the event any such process, notice, or demand is
served on the Secretary of State, he shall immediately cause one of the copies
thereof to be forwarded by registered mail, addressed to the corporation at its
registered office.@).





[3]                      Although article 2.11 requires the Secretary of State
to forward the process to the corporation at its registered office, the opinion
in Campus Investments does not indicate that the certificate in that
case recited that the address to which process had been sent was the defendant=s registered address or that recitation of that fact
was required.  144 S.W.3d at 465B66. 
If compliance with the rules for service of process is shown by the record, a
defendant can overturn a default judgment by developing evidence in a motion
for new trial or bill of review of either a lack of receipt of service or the Craddock
elements.  See Fid. & Guar. Ins. Co. v. Drewery Constr. Co., 186
S.W.3d 571, 573B74 (Tex. 2006).





[4]                      A certified copy of this power-of-attorney was
included in the default judgment record.





[5]                      Although not material to the disposition, this suit
was filed in 2000, before former article 581B16
was repealed.





[6]                      Although article 9.05(A) also uses the term, Aevidence@
rather than Aprima facie evidence,@ it is not
apparent how facts stated in a document can be admissible evidence of those
facts without also being prima facie evidence thereof, such that this
difference in phrasing would indicate a difference in effect.  Nor is it logical that certified copies of documents
from the Secretary of State=s office would
somehow have any greater evidentiary value than those from the Securities
Commissioner=s office.





[7]                      Although not required by article 581B8, this letter was sent by certified mail.