02-10-377-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00377-CV

 

 


 
 
 Catalyst Partners, Inc.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 BASF Corporation
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 271st
District Court OF Wise COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

Appellant
Catalyst Partners, Inc. perfected this restricted appeal from the trial court’s
no answer default judgment in favor of Appellee BASF Corporation.  To prevail
in a restricted appeal, Catalyst Partners must establish that (1) it filed
notice of the restricted appeal within six months after the judgment was
signed; (2) it was a party to the underlying lawsuit; (3) it did not
participate in the hearing that resulted in the complained-of judgment and did
not timely file any post-judgment motions or requests for findings of fact and
conclusions of law; and (4) error is apparent on the face of the record.  Alexander
v. Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004).  The record, for
purposes of a restricted appeal, consists of all papers filed in the appeal.  Norman
Commc’ns v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997).

The
first three requirements for filing a restricted appeal are not disputed in
this appeal.  We thus turn to the issue of whether error is apparent on the
face of the record.  Catalyst Partners’ sole allegation of error on the face of
the record is that the record does not show proper service on Catalyst
Partners.

BASF
brought suit against Catalyst Partners on a sworn account.  After unsuccessful
attempts to serve Catalyst Partners’ registered agent, BASF requested service
on the Texas Secretary of State.[2]  The record contains a
certification from the Secretary of State that a copy of the citation and petition
was received on February 10, 2010; that a copy was forwarded on February 16,
2010, by certified mail, return receipt requested to Catalyst Partners’ Agent,
Landy Moran, 16203 Part Row, Suite 100, Houston, Texas 77084; and that process
was returned on March 2, 2010, bearing the notation “Attempted-Not Known.” 
When substituted service on a statutory agent is allowed, the designee is not
an agent for service but for receiving process on the defendant’s
behalf.  Campus Invs., Inc. v. Cullever, 144 S.W.3d 464, 466 (Tex. 2004);
Capitol Brick, Inc. v. Fleming Mfg. Co., 722 S.W.2d 399, 401 (Tex. 1986). 
A certificate like the one here conclusively establishes that process
was served.  Cullever, 144 S.W.3d at 466; Capitol Brick, 722
S.W.2d at 401.  Because the record before us conclusively establishes that
process was served on Catalyst Partners by serving the Secretary of State, the
error on the face of the record alleged by Catalyst Partners––lack of
service––does not exist.  We overrule Catalyst Partners’ first, second, and
third issues.[3]

After
Catalyst Partners perfected this restricted appeal, BASF filed a motion to
dismiss it.[4]   We will deny BASF’s
motion to dismiss.

Having
overruled Catalyst Partners’ issues and having denied BASF’s motion to dismiss
the appeal, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DELIVERED:  June 9, 2011









[1]See Tex. R. App. P. 47.4.





[2]Catalyst Partners also
complains that BASF asked the Secretary of State to serve Catalyst Partners at
the address of Catalyst Partners’ registered agent when BASF knew the registered
agent’s address was not good because BASF had been unsuccessful in serving him
at the same address Catalyst Partners had provided to the Secretary of State. 
It was Catalyst Partners’ statutory duty to update its address for its
registered agent.  See Tex. Bus. Orgs. Code Ann. § 5.202 (West 2010).  Catalyst
Partners’ failure to do so cannot create error on the face of the record.





[3]Catalyst Partners’ three
issues are:  “[w]as Appellant Catalyst Partners, Inc. served with process,”
“[i]s Appellant Catalyst Partners, Inc. entitled to seek relief under a
restricted appeal,” and “[i]s the No-answer default Judgment entered on April
24, 2010 valid against Appellant Catalyst Partners, Inc.”  Catalyst Partners’
issues are briefed and argued together, and the only legal issue presented by
them is whether Catalyst Partners was served with process.





[4]BASF points to evidence
attached to its motion to dismiss showing that Catalyst Partners’ charter and
certificate or registration of taxable entity was forfeited on February 8, 2008,
by the Secretary of State pursuant to Texas Tax Code section 171.309.  See
Tex. Tax Code Ann. § 171.309 (West 2008).  BASF explains that it had filed the
instant suit on December 28, 2009, while Catalyst Partners’ charter and
certificate or registration of taxable entity were forfeited and argues that,
because of the forfeiture, Catalyst Partners is statutorily “denied the right
to sue or defend in a court of this state.”  See Tex. Tax Code Ann. § 171.252(1)
(West 2008).  BASF argues that the statutory provision prohibiting Catalyst
Partners from defending a suit in a court of this state means that Catalyst
Partners forfeited the right to pursue this appeal.  Whether Catalyst Partners
may pursue this appeal is a capacity issue, however, and because this capacity
issue was not raised in the trial court, it cannot be raised here.  See,
e.g., WHM Props., Inc. v. Dallas County, 119 S.W.3d 325, 330–31
(Tex. App.––Waco 2003, no pet.).  Concurrently with the issuance of this
opinion, we will issue an order denying BASF’s motion to dismiss.