**AFFIRM; Opinion Filed June 13, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01019-CV

**BIG D TRANSMISSION & AUTO SERVICE, INC., Appellant**

**V.**

**KARY LYNN ROLLINS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-00447-D**

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Moseley

Big D Transmission & Auto Service, Inc. appeals from the denial of its motion for new trial following a no-answer default judgment. In three issues, Big D argues the trial court abused its discretion by denying the motion for new trial, the evidence is insufficient to support a claim under the DTPA, and the evidence is insufficient to support the amount of damages awarded by the trial court.

The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

## BACKGROUND

Kary Lynn Rollins sued Big D for violations of the Deceptive Trade Practices-Consumer Protection Act, conversion, fraud, and negligent misrepresentation relating to representations about repairs on her vehicle. After several unsuccessful attempts to serve Big D through its registered agent, Rollins served her second amended petition on Big D by substituted service on the secretary of state. After Big D failed to file an answer, the trial court heard evidence of Rollins's damages and granted a default judgment. In its motion for new trial, Big D argued its registered agent never received notice of the lawsuit and it met the standards for granting a new trial following a default judgment.

## SERVICE OF PROCESS

Big D's first issue asserts the trial court abused its discretion by denying the motion for new trial. A default judgment should be set aside and a new trial granted if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). We review a trial court's denial of a motion for new trial for abuse of discretion. *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994).

The defendant's burden as to the first *Craddock* element is satisfied when the factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. *See Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 576 (Tex. 2006) (per curiam). In determining if the defendant's factual assertions are controverted, the court looks to all the evidence in the record. *See Evans*, 889 S.W.2d at 269.

Generally, a default judgment must be set aside if the defendant did not get the suit papers. *See Fidelity*, 186 S.W.3d at 574 (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988)). There are exceptions to this rule where non-receipt is uncorroborated or where it is the defendant's own fault. *Id.* (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) (recitals in return of service cannot be rebutted by uncorroborated proof of moving party) and *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam) (default judgment affirmed following substituted service on secretary of state where corporation failed to update addresses for its registered agent and office and did not receive certified mail from secretary of state)).

A corporation is required to continuously maintain a registered agent for service of process and a registered office. *See* TEX. BUS. ORGS. CODE ANN. § 5.201 (West 2012). If the registered agent cannot with reasonable diligence be found at the registered office, the secretary of state is an agent for service of process on the corporation. *See id.* § 5.251(1)(B). Service of process on the secretary of state is accomplished by delivering duplicate copies of the process and any required fee. *See id.* § 5.252. After service on the secretary of state, the secretary forwards the process to the corporation by certified mail, return receipt requested. *See id.* § 5.253. A certificate by the secretary of state as to service conclusively establishes that process was served. *See Campus Invs.*, 144 S.W.3d at 466.

Rollins served Big D by substituted service on the secretary of state after seven failed attempts to serve Big D's registered agent, Daniel Garcia, at the registered office and at Garcia's home. Rollins filed affidavits of two process servers establishing her attempts to serve Garcia.[1]

---

[1]The affidavit of the first process server stated he made three attempts to serve Garcia at Big D's registered office, which is its place of business. The first process server spoke to the same employee each time, left a business card and a message for Garcia to call him. The employee said he had given Garcia the process server's business card and message to call, but the process server never received a call from Garcia. The affidavit of the other process

Big D does not argue that Rollins failed to exercise reasonable diligence to serve its registered agent; and the record would not support such an argument. Thus, Rollins was entitled to use substituted service on the secretary of state to serve Big D. *See* TEX. BUS. ORGS. CODE ANN. § 5.251(1)(B). The certificate of the secretary of state indicates process was received and forwarded to Big D by certified mail, return receipt requested. A supplement certificate of the secretary of state indicates the process was returned with the notation "Refused."

When substituted service on the secretary of state is allowed, the secretary "is not an agent for *serving* but for *receiving* process on the defendant's behalf." *Campus Invs.*, 144 S.W.3d at 466 (emphasis original). The secretary of state's certificate "*conclusively* establishes that process was served." *Id.* ("[a]bsent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of [the defendant], received service of process for [the defendant] and forwarded the service as required by the statute") (quoting *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986)).

Thus, Big D was served through substituted service on the secretary of state and, therefore, had constructive notice of the lawsuit. *See* TEX. BUS. ORGS. CODE ANN. § 5.251; *Campus Invs.*, 144 S.W.3d at 466, *BLS Limousine Serv., Inc. v. Buslease, Inc.*, 680 S.W.2d 543, 546 (Tex. App.—Dallas 1984, writ n.r.e.) ("[a]lthough the citations were returned to the Secretary bearing the notation 'refused,' appellants were served in accordance with the requirements" of the long-arm statute).

Big D relied on Garcia's affidavit and his testimony at the motion for new trial hearing to support the first *Craddock* element. In his affidavit, Garcia merely said he did not receive

server stated he made four attempts to serve Garcia on behalf of Big D at Garcia's home, but Garcia was not there. The process server spoke to Garcia's wife once and explained to her he was trying to serve a lawsuit brought by Rollins.

process or notice "either personally or by mail from the Texas Secretary of State."[2]

The secretary of state's certificate establishes that process was forwarded to Big D at its registered office and was returned marked "Refused." Garcia's affidavit includes no facts as to why Big D did not receive or accept the certified mail sent by the secretary of state as established by the secretary of state's certificate. Indeed, it states no facts that, if true, would negate conscious indifference or intent on the part of Big D. Conclusory allegations will not support the first element of the *Craddock* test. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992).

At the hearing, Garcia testified he was only at the office ten to fifteen percent of the time because of his and his wife's health issues. He relied on his employees to handle the business while he was away, but he did not establish any procedure for receiving certified mail while he was away. Even after learning of the default judgment, Garcia did not ask his employees about receiving certified mail for the secretary of state.

The return of the process marked "Refused" stands in contrast to Big D's evidence that Garcia did not know about the certified mail. Nothing in the record explains how Big D's refusal of the certified mail from the secretary of state was an accident or mistake. Here, unlike *Fidelity*, Big D presented no evidence that it established a system to avoid what happened in this case. *See Fidelity*, 186 S.W.3d at 576 (affidavits that suit papers were lost after service on registered agent and detailing procedures for handling service papers and efforts to establish a system to

---

[2]Garcia's affidavit stated:

> Defendant's failure to appear at the trial in this matter was not intentional nor the result of conscious indifference but was due to a mistake or accident. I never received service of process or notice in this matter, either personally or by mail from the Texas Secretary of State. Moreover, I did not evade service or intentionally or consciously ignore this matter, rather I have not been at Defendant's place of business much over the last few months as I have been consumed with medical problems. In early 2011, I underwent surgery on my knee and am still in the process of rehabilitating the same. All the while, I remain my wife's primary care provider in her ongoing battle with cancer.

avoid loss of papers supported the first *Craddock* element). According to Garcia, Big D had no system to handle certified mail when he was out of the office. Further, the suit papers here were not lost, they were returned to the secretary of state marked "Refused."

Big D did not show its failure to answer was not intentional or the result of conscious indifference. Because Big D did not establish the first *Craddock* element, we need not discuss the other elements. We conclude the trial court did not abuse its discretion by denying the motion for new trial. We overrule Big D's first issue.

### SUFFICIENCY OF THE EVIDENCE AS TO LIABILITY

Big D's second issue asserts Rollins did not present evidence to support the DTPA claim at the default judgment prove-up. However, in a no-answer default case, the defaulting defendant admits all facts properly pleaded in the plaintiff's petition except for the amount of unliquidated damages. *Holt Atherton*, 835 S.W.2d at 83. Thus, the plaintiff is only required to prove its claim for unliquidated damages. *Id.*; *see* TEX. R. CIV. P. 243. In addition, Big D cites no authority to support the argument on its second issue. *See* TEX. R. APP. P. 38.1(i) (argument in brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and record). We overrule Big D's second issue.

### SUFFICIENCY OF THE EVIDENCE AS TO DAMAGES

Big D's third issue contends the evidence is insufficient to establish the market value of Rollins's vehicle. Big D argues that Rollins did not show that she was familiar with the market value of her vehicle and did not adjust the value for the condition of the vehicle.

An owner of property may testify to the market value of her own property, but not the intrinsic value. *See Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664, 669 (Tex. 1996). Nothing in the record indicates Rollins testified about the intrinsic value of her vehicle. She testified the "Blue Book" value of her vehicle was $6,200. She testified vehicles like hers were selling for

between $6,300 and $8,000. She concluded that in her opinion the fair market value of her personal property in Dallas County at the time it was taken from her was $6,200. The trial court found Rollins's economic damages were $6,200 and awarded three times that amount for a knowing violation of the DTPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.50(b)(1).

Considering the evidence in the light most favorable to the trial court's judgment, we conclude there is more than a scintilla of evidence to support the finding. *See City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005) (legal sufficiency standard of review); *Holt Atherton*, 835 S.W.2d at 84. Considering all the evidence, we conclude the evidence is not so weak that the finding of damages is clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam) (factual sufficiency standard of review). We overrule Big D's third issue.

Having overruled all of Big D's issues, we affirm the trial court's judgment.

111019F.P05

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BIG D TRANSMISSION & AUTO
SERVICE, INC., Appellant

No. 05-11-01019-CV     V.

KARY LYNN ROLLINS, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-11-00447-D.
Opinion delivered by Justice Moseley.
Justices Francis and Lang participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

     It is **ORDERED** that appellee KARY LYNN ROLLINS recover her costs of this appeal
from appellant BIG D TRANSMISSION & AUTO SERVICE, INC.


Judgment entered this 13th day of June, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE