**AFFIRM; and Opinion Filed April 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01457-CV

### EL PAISANO NORTHWEST HIGHWAY, INC., Appellant
### V.
### IRMA ARZATE, Appellee

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-02855**

## MEMORANDUM OPINION

Before Justices Bridges, Moseley, and Evans
Opinion by Justice Moseley

Appellant El Paisano Northwest Highway, Inc. asserts seven issues in its appeal of a no-answer default judgment entered in favor of appellee Irma Arzate. In its first issue, El Paisano complains the trial court erred by granting Arzate's motion for default judgment; in its remaining issues, it contends the trial court erred by denying its motion for new trial. The background of the case and the evidence adduced below are well known to the parties; thus, we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Arzate worked as a cook and a manager at a restaurant owned by El Paisano. After her employment with the restaurant ended, Arzate sued El Paisano pursuant to the Fair Labor Standards Act for unpaid wages and unpaid overtime wages; breach of contract; and quantum meruit.

The process server made several attempts to serve El Paisano at the address of its registered agent: 3156 Catamore, Dallas, Texas, 75229. After four failed attempts, the process server filed an affidavit detailing each attempt she made to serve El Paisano's registered agent at the Catamore address. Arzate then served the Texas Secretary of State with Plaintiff's Original Petition and Request for Disclosure in accordance with the Texas Business Organizations Code. *See* TEX. BUS. ORGS. CODE ANN. § 5.251 (West 2012). Subsequently, the secretary of state issued a certificate of service to Arzate stating that the process it forwarded to El Paisano at the Catamore address was returned with the notation "unclaimed."

Arzate moved for a default judgment, which the trial court granted. The trial court subsequently denied El Paisano's motion for new trial.

## MOTION FOR NEW TRIAL

In its first issue, El Paisano argues the trial court erred by denying its motion for new trial. A default judgment should be set aside and a new trial ordered if (1) the failure to answer or appear was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion for new trial is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *See Sutherland v. Spencer*, 376 S.W.3d 752, 754 (Tex. 2012) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)).

To meet the first element, a defendant must allege facts that, if true, "negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *Id.* at 755; *see Big D Transmission & Auto Serv., Inc. v. Rollins*, No. 05-11-01019-CV, 2013 WL 3009718, at *2–3 (Tex. App.—Dallas June 3, 2013, no pet.)(mem. op.). Conclusory allegations alone are insufficient to satisfy the first element. *See generally Sheraton Homes, Inc. v. Shipley*, 137 S.W.3d 379, 382 (Tex. App.—Dallas 2004, no

–2–

pet.). A defendant must provide an excuse, and not necessarily a good one, to show its failure to answer was not due to indifference. *See Sutherland*, 376 S.W.3d at 755.

We review a trial court's denial of a motion for new trial for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam).

El Paisano asserts it met the first *Craddock* element by showing it was not properly served with the citation. It asserts it did not receive the notice from the secretary of state because Arzate gave the secretary of state the incorrect address. Rather than giving the secretary of state the address of El Paisano's registered agent (the Catamore address), El Paisano argues Arzate should have provided the address of its principle place of business, the restaurant location at 2903 Lombardy Lane, Dallas, Texas, 75220.

A corporation is required to continuously maintain a registered agent for service of process and a registered office. *See* TEX. BUS. ORGS. CODE ANN. § 5.201 (West 2012). If the registered agent cannot with reasonable diligence be found at the registered office, the secretary of state is an agent for service of process on the corporation. *See id.* § 5.251(1)(B). Service of process on the secretary of state is accomplished by delivering duplicate copies of the process and any required fee. *See id.* § 5.252. After service on the secretary of state, the secretary forwards the process to the corporation by certified mail, return receipt requested. *See id.* § 5.253. A certificate by the secretary of state as to service conclusively establishes that process was served. *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam) (default judgment affirmed following substituted service on secretary of state where corporation failed to update addresses for its registered agent and office and did not receive certified mail from secretary of state)).

El Paisano does not argue that Arzate failed to exercise reasonable diligence to serve its registered agent, and the record would not support such an argument. Thus, Arzate was entitled

to use substituted service on the secretary of state to serve El Paisano. *See* Tex. Bus. Orgs. Code Ann. § 5.251(1)(B). When substituted service on the secretary of state is allowed, the secretary "is not an agent for *serving* but for *receiving* process on the defendant's behalf." *Campus Invs.*, 144 S.W.3d at 466; *see Rollins*, 2013 WL 3009718, at \*2.

The certificate of the secretary of state indicates process was received and forwarded to El Paisano by mail, return receipt requested; it also indicates the process was returned with the notation "unclaimed." Thus the certificate conclusively established that the secretary of state received the service of process for El Paisano and forwarded it to El Paisano as required by the statute. *See Campus Invs.*, 144 S.W.3d at 466. The secretary of state had no obligation to forward service of citation to El Paisano at its Lombardy address; the Catamore address was the address of El Paisano's registered agent and was the address the secretary of state was legally required to use. *See* Tex. Bus. Orgs. Code Ann. § 5.253.

As an agent for receiving process on El Paisano's behalf, the secretary of state's receipt of the process gave El Paisano constructive notice of the lawsuit. Thus, El Paisano was properly served.

El Paisano also argues it otherwise met all the elements set forth in *Craddock*. Along with its motion for new trial, El Paisano filed an affidavit of Griselda Ramirez, the company's president and registered agent, stating that (1) she was never served with a copy of Arzate's original petition; (2) she did not receive notice that the secretary of state attempted to serve her; and (3) if she had received a notice that the secretary of state attempted to server her, she would have retrieved the package from the post office. However, Ramirez's affidavit does not include any facts about why El Paisano did not receive the certified mail sent by the secretary of state. Her affidavit does not state any facts that, if true, would negate conscious indifference or intent

–4–

on the part of El Paisano. Conclusory allegations will not support the first element of the *Craddock* test.

Because El Paisano does not meet the first *Craddock* element, we do not address the remaining elements. We conclude the trial court did not err by denying El Paisano's motion for new trial and we overrule El Paisano's first issue.

## DEFAULT JUDGMENT

In its fourth issue, El Paisano argues the trial court erred by granting the default judgment because the secretary of state failed to forward the service of process as required by Texas Business Organizations Code § 5.253. Section 5.253 requires the secretary of state to immediately send one copy of the process to the named entity at "the most recent address of the entity on file with the secretary of state." TEX. BUS. ORGS. CODE ANN. § 5.253(b)(1).

El Paisano asserts that the process was sent to the wrong address: the secretary of state should have sent the process to the Lombardy address rather than the Catamore address because the Lombardy address was El Paisano's most recent address. As set forth above, we disagree. The statute requires the secretary of state send the process to "the most recent address of the entity *on file with the secretary of state*." *Id.* § 5.253(b)(1) (emphasis added). There is no evidence in this record that the Lombardy address was the most recent address *on file with the secretary of state*. We overrule El Paisano's fourth issue.

In its third issue, El Paisano argues the trial court erred by granting the default judgment because Arzate did not comply with the procedural requirements for personal service in rules 106 and 107, which rendered service on the secretary of state defective. *See* TEX. R. CIV. P. 106, 107.

A plaintiff who strictly complies with the rules for substituted service on the secretary of state is not required to also strictly comply with rules 106 and 107. *See BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 828 (Tex. App.—Eastland 2012, no pet.) (discussing rules 106 and 107); *see*

*Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 35 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (discussing rule 106). Substituted service on the secretary of state is a method of service independent from rules 106 and 107. *See BLS Dev.,* 359 S.W.3d at 828. Because the face of the citation shows that Arzate requested service on El Paisano by serving the secretary of state, strict compliance with rules 106 and 107 was not required. *See id.* Because Arzate was not required to strictly comply with rules 106 and 107, and because the record shows Arzate used reasonable diligence to serve El Paisano, we overrule El Paisano's third issue.

In its fifth issue, El Paisano argues the trial court erred by granting the default judgment in the absence of independent proof that the trial court had personal jurisdiction over El Paisano. El Paisano again argues the Catamore address versus the Lombardy address issue. El Paisano asserts the record does not contain an affirmative showing that Ramirez was the registered agent for El Paisano or that the Catamore address was its registered office. Thus, because the record did not affirmatively show these two things, Arzate failed to show that the trial court had personal jurisdiction over El Paisano.

As previously noted, the secretary of state's certificate conclusively establishes that process was served as is required by the statute. *See Campus Invs.*, 144 S.W.3d at 466. The statute requires entities such as El Paisano to maintain a registered agent and registered office in the state. TEX. BUS. ORGS. CODE ANN. § 5.201(a). The registered agent "is an agent of the entity on whom may be served any process" and must maintain an office at the entity's registered office. *Id.* § 5.201(b). The registered office "must be located at a street address where process may be personally served on the entity's registered agent." *Id.* § 5.201(c). Thus, pursuant to the statute, El Paisano was required to maintain a registered agent on whom process could be served at the registered office. The statute also requires that the secretary of state send the process to

"the most recent address of the entity *on file with the secretary of state*." *Id.* § 5.253(b)(1) (emphasis added).

After forwarding the process, the secretary of state issues a certificate of service, which conclusively establishes that process was served. *Campus Invs.*, 144 S.W.3d at 466. The certificate also establishes personal jurisdiction. *See G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 819 (Tex. App.—Houston [1st Dist.] 1996, no writ) (citing *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973)).

The certificate issued by the secretary of state shows Ramirez is the registered agent. Additionally, because the secretary of state's certificate conclusively establishes the process was served as required by the statute and the statute requires the process be sent to the most recent address of the entity on file with the secretary of state, we assume the Catalina address was the most recent address of the entity on file. Because the secretary of state's certificate conclusively established that process was served as required by the statute and because the certificate established personal jurisdiction, we cannot say the trial court erred by concluding it had personal jurisdiction over El Paisano. We overrule El Paisano's fifth issue.

In its second issue, El Paisano's argues the trial court erred by granting a default judgment because Arzate's petition is invalid on its face. The petition states Arzate was a manager at the restaurant. On appeal, El Paisano asserts that because Arzate was a manager, she also was an "executive," and, therefore, she was exempt from the minimum wage and hour requirements of the Fair Labor Standards Act. *See* 29 U.S.C. §§ 206, 207, 213 (2012).

The title "manager" does not defeat Arzate's FLSA claims as a matter of law. The executive exemption is an affirmative defense that must be proven by the defendant. *See Owsley v. San Antonio Indep. Sch. Dist.*, 187 F.3d 521, 523 (5th Cir. 1999). Determining a plaintiff's employee status under the FLSA is a complex factual inquiry, and cannot be determined solely

by job title. *See Dalheim v. KDFW-TV*, 918 F.2d 1220, 1226 (5th Cir. 1990); 29 C.F.R. § 541.100. Because Arzate's petition is not invalid on its face, we overrule El Paisano's second issue.

In its sixth issue, El Paisano argues the trial court erred by granting the default judgment because Arzate failed to plead damages within the trial court's jurisdiction. Texas district courts have original jurisdiction over civil matters where the amount in controversy exceeds $500. TEX. GOVT. CODE ANN. § 24.007(b). An original pleading must state that the amount in controversy is within the jurisdictional limits of the court. TEX. R. CIV. P. 47(b). However, failure to plead facts establishing jurisdiction will not deprive the court of jurisdiction, so long as the pleadings do not negate jurisdiction. *See City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 684 (Tex. App.—Dallas 2003, pet. denied). Omitting an amount in controversy is a pleading defect that may be cured by proving jurisdiction at trial. *United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 402 (Tex. 2007).

Arzate's petition omits the amount in controversy and a jurisdictional statement. However, Arzate cured the defect by providing an affidavit in connection with her motion for default judgment that showed she sustained damages of $170,000. We overrule El Paisano's sixth issue.

In its seventh issue, El Paisano argues the trial court erred by granting relief in excess of what Arzate pleaded. El Paisano did not raise this complaint to the trial court. An objection that damages exceed the pleading is waived if the objection is not raised at the trial court or in a motion for new trial. TEX. R. CIV. P. 324; TEX. R. APP. P. 33.1. Because El Paisano did not raise this objection to the trial court, it is waived. We overrule its seventh issue.

We affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

121457F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EL PAISANO NORTHWEST HIGHWAY, INC., Appellant

No. 05-12-01457-CV     V.

IRMA ARZATRE, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC12-02855.

Opinion delivered by Justice Moseley. Justices Bridges and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Irma Arzarte recover her costs of this appeal from appellant El Paisano Northwest Highway, Inc.

Judgment entered this 14th day of April, 2014.

/Jim Moseley/

JIM MOSELEY
JUSTICE