**AFFIRMED and Opinion Filed July 12, 2022**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-20-00831-CV

**RENATA BLACK A/K/A RENATA MUTIS, Appellant**

**V.**

**LAKELAND WEST CAPITAL XXIII, LLC, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-15609**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Carlyle

In this restricted appeal, Renata Black a/k/a Renata Mutis[1] challenges a default

judgment as void for failure of personal jurisdiction, claiming error on the face of

the record because service was invalid. We affirm. *See* TEX. R. APP. P. 47.4.

To prevail on a restricted appeal, an appellant must show: (1) she filed notice

of the restricted appeal within six months after the judgment was signed; (2) she was

a party to the underlying lawsuit; (3) she did not participate in the hearing that

---

[1] In her brief, counsel refers to Ms. Black as "Renata" and we follow suit in this opinion.

resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The parties only dispute the last element, based on service.

For a default judgment to withstand direct attack by a restricted appeal, the face of the record must affirmatively show strict compliance with the rules governing service of process. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). "There are no presumptions in favor of valid issuance, service, and return of service." *Id.* If the record in a restricted appeal fails to affirmatively show strict compliance with the rules of civil procedure governing service of citation, the attempted service of process is invalid and of no effect. *See Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985). Any failure to comply with the rules renders the attempted service of process invalid, and the trial court acquires no personal jurisdiction over the defendant. *Lytle v. Cunningham*, 261 S.W.3d 837, 839–40 (Tex. App.—Dallas 2008, no pet.). A judgment based on improper service is void. *Id.*

In its September 24, 2019 original petition, Appellee alleged Renata resided in New York, and, because the lawsuit "arises out of [her] business in Texas," and she "does not maintain a regular place of business in this state or a designated agent for service of process," the Texas Secretary of State "is an agent for service of

process." *See* TEX. CIV. PRAC. & REM. CODE § 17.044. The record contains a December 3, 2019 Whitney certificate from the Texas Secretary of State, confirming it served Renata by certified mail, return receipt requested, on October 15, 2019, and that office received the return receipt on October 18, 2019. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94 (Tex. 1973).

"Absent fraud or mistake, a Certificate from the Secretary of State's office is conclusive evidence that the Secretary of State received service of process and forwarded it to the nonresident defendant." *Capitol Brick v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986). "When substituted service on a statutory agent is allowed, the designee is not an agent for the *serving* but for *receiving* process on the defendant's behalf." *Campus Investments v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004).[2]

Renata complains that the face of the record fails to show compliance with civil procedure rules 16, 105, and 107. Accepting this argument requires us to treat the service in this case as if Renata were a Texas resident served by the typical rules for service of citation and not as a non-resident doing business here pursuant to Civil Practice and Remedies Code § 17.044. The face of the record demonstrates, and the

---

[2] Renata has made no allegations of fraud or mistake, nor has she alleged that appellee provided a defective citation to the Secretary of State. *See Campus Investments*, 144 S.W.3d at 466. (defective citation through substituted service on the Secretary of State could mislead a defendant and lead to improper default judgment, the remedy for which would be a bill of review).

only indication the trial court had, was that Renata was to be served pursuant to § 17.044.

The Secretary's certificate here conclusively proves valid service on Renata. *See Campus Investments*, 144 S.W.3d at 466 *(*"As the purpose of Rule 107 is to establish whether there has been proper citation and service, the Secretary's certificate fulfills that purpose."); *MG Int'l Menswear, Inc. v. Robert Graham Designs LLC*, No. 05-18-00517-CV, 2019 WL 642724, at *2 (Tex. App.—Dallas Feb. 15, 2019, no pet.) (mem. op.). And because rules 16 and 105 apply to agents for serving process, not receiving process, Renata's complaint regarding those rules fails. *See Campus Investments*, 144 S.W.3d at 466.

We affirm.

200831f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RENATA BLACK A/K/A RENATA
MUTIS, Appellant

No. 05-20-00831-CV        V.

LAKELAND WEST CAPITAL
XXIII, LLC, Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-15609.
Opinion delivered by Justice Carlyle.
Justices Reichek and Nowell
participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

It is **ORDERED** that appellee LAKELAND WEST CAPITAL XXIII, LLC
recover its costs of this appeal from appellant RENATA BLACK A/K/A RENATA
MUTIS.


Judgment entered this 12th day of July, 2022.