

# NUMBER 13-22-00529-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SHAMROCK ENTERPRISES, LLC
D/B/A FRSTEAM GULFCOAST/LA,                                    Appellant,

v.

TOP NOTCH MOVERS, LLC,                                              Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 4
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Tijerina**

Appellant Shamrock Enterprises, LLC, d/b/a FRSTeam Gulfcoast/LA (FRSTeam)

appeals the trial court's no-answer default judgment in favor of appellee Top Notch

Movers, LLC (Top Notch). By two issues, FRSTeam argues the trial court erred because:

(1) Top Notch failed to plead facts showing that FRSTeam was amenable to substituted

service, and (2) FRSTeam failed to serve Top Notch in strict compliance with the statutory requirements. We affirm.

## I.  BACKGROUND

Top Notch is in the business of providing moving services. On February 10, 2022, Top Notch filed suit against FRSTeam.[1] According to Top Notch's petition, sometime between October 2020 and November 2020, FRSTeam hired Top Notch for moving services, which Top Notch provided. FRSTeam refused to pay for the services.

In its petition, Top Notch asserted that FRSTeam is a foreign limited liability company whose principal office is in Alabama. Top Notch alleged that FRSTeam "may be served with process by serving the Texas Secretary of State [(SOS)] . . . as its agent for service because [FRSTeam] is required to register with the [SOS] but has not appointed or maintained a registered agent for service of process in Texas." Top Notch asserted that the trial court had jurisdiction over FRSTeam because FRSTeam conducted business in Texas, operated a business in Texas, or had continuing contacts with Texas, and that the acts giving rise to this suit occurred in Nueces County. Top Notch filed a "Nueces County Process Request Sheet" indicating it sought citation by the SOS.

The district clerk issued a citation to be served on FRSTeam at its Alabama address and duplicate copies to be issued to the SOS. The SOS filed a sworn certification (a "*Whitney* certificate," *see U.S. Bank Nat'l Ass'n v. Moss*, 644 S.W.3d 130, 132 (Tex. 2022) (citing *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95 (Tex. 1973))) stating that

---

[1] Top Notch asserted suit on sworn account, breach of contract, quantum meruit, unjust enrichment, and promissory estoppel causes of action seeking $170,801.98 in damages.

it had received a copy of the citation and the original petition on February 22, 2022, and forwarded the same to FRSTeam at the Alabama address by certified mail, return receipt requested, but that process was returned on April 12, 2022, bearing the notation "Return to Sender, Vacant, Unable to Forward."

On May 2, 2022, Top Notch filed a motion for entry of default judgment, asserting FRSTeam was served and did not appear. Top Notch attached an affidavit from its accountant attesting to the alleged outstanding balance owed by FRSTeam, numerous invoices reflecting the services Top Notch provided and the fees incurred, an affidavit of attorney's fees and itemized bill, and its certificate of FRSTeam's last known Alabama address.

On May 9, 2022, the trial court held a hearing on the motion for default judgment, but FRSTeam failed to appear. The trial court entered a default judgment in Top Notch's favor in the amount of $170,801.98 along with attorney's fees, conditional appellate fees, prejudgment interest, and court costs. On May 11, 2022, the district clerk sent notice of the default judgment to the FRSTeam's Alabama address based on the certificate of last known address submitted by Top Notch. The mailing was returned to the district clerk with the following notation: "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." FRSTeam filed this restricted appeal on October 28, 2022.

## II.  RESTRICTED APPEAL

FRSTeam argues that the trial court erred in entering a no-answer default judgment because: (1) Top Notch failed to allege in its petition that service on the SOS

3

was proper; and (2) the record reflects prima facie proof that Top Notch failed to serve FRSTeam in strict compliance with the statutory requirements.

## A. Standard of Review

A party can prevail in a restricted appeal only if: "(1) it filed its notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying suit"; (3) it did not participate in the proceedings below and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and "(4) error is apparent on the face of the record." *Ins. Co. of the State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *see* TEX. R. APP. P. 30. The first three elements are not in dispute, and the only contested element is the fourth element—whether error is apparent on the face of the record.

"Error is apparent on the face of the record when the record fails to show strict compliance with the rules relating to the issuance, service, and return of citation." *Acadian Props. Austin, LLC v. KJMonte Invs., LLC*, 650 S.W.3d 98, 103 (Tex. App.—El Paso 2021, no pet.). The Texas Supreme Court has held that it will "indulge no presumptions in favor of valid issuance, service, or return of citation." *Spanton v. Bellah*, 612 S.W.3d 314, 316–17 (Tex. 2020). Instead, proper service must affirmatively appear on the record. *Id.* at 316. Service that does not strictly comply with the rules of service is "invalid and of no effect." *Id.* at 317. "In a restricted appeal, the prevailing party bears the burden to prove proper service of process." *Acadian*, 650 S.W.3d at 104.

## B. Applicable Law

The Texas Business Organizations Code provides that to conduct business in this state, a foreign entity such as FRSTeam must, among other things, register with the SOS and provide the name and address of the "initial registered agent for service of process that Chapter 5 requires to be maintained." TEX. BUS. ORGS. CODE ANN. §§ 9.001(a)(b); 9.004(9). Pursuant to Chapter 5, a foreign entity must "designate and continuously maintain in this state" both a registered agent and a registered office for service of process. *Id.* §§ 1.002(29); 5.201(a), (b). The registered agent has a duty to "receive or accept, and forward to the represented entity . . . any process, notice, or demand that is served on or received by the registered agent." *Id.* §§ 5.201(b)(1), (2); 5.206(a)(1); *see also id.* § 5.2011(a) (providing that the designation of a person as registered agent of an entity in a registered agent filing is an affirmation by the entity that the person named as registered agent has consented to serve in that capacity). The SOS may become an entity's agent for service of process in place of a registered agent if the entity fails to appoint or does not maintain a registered agent in this state, or if the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity. *See id.* § 5.251.

C.    **Discussion**

Section 5.251 of the Texas Business Organizations Code expressly provides that the SOS "is an agent of" a foreign entity where "the entity fails to appoint or does not maintain a registered agent in this state." *See id.* FRSTeam does not dispute that it does not have a registered agent in Texas. Instead, FRSTeam argues that there is error on the face of the record because: Top Notch's pleadings do not allege "facts showing that

5

[FRSTeam] was amenable to substituted service." However, FRSTeam cites no authority expressly imposing such a pleading requirement.

In *Acadian*, the appellant argued that the trial court erred in entering a default judgment against it "as [the appellee] did not allege any facts in its petition to support a finding that service of process on the [SOS] was proper." 650 S.W.3d at 110. The appellate court concluded that appellee "was not required to make those allegations in its petition" because "the proper inquiry in a restricted appeal of this nature is whether the record as a whole reflects that service on the [SOS] was proper." *Id.* Specifically, the *Acadian* court noted that, in *Collective Interests*, "the Austin Court of Appeals has expressly held that the allegations supporting service on the [SOS] are not required to be included in the plaintiff's petition, if the facts supporting such service are otherwise reflected in the record." *Id.* (citing *Collective Ints. v. Reagan Nat'l Advert.*, No. 03-08-00283-CV, 2010 WL 2977458, at *3 (Tex. App.—Austin July 29, 2010, no pet.) (mem. op.)).

Like *Acadian* and *Collective Interests*, we similarly conclude that allegations supporting service on the SOS are not required to be included in Top Notch's petition if the facts supporting such service are otherwise reflected in the record. *See Acadian*, 650 S.W.3d at 110; *Collective Ints.*, 2010 WL 2977458, at *3. Thus, we will review the record as a whole in determining whether error is apparent on the face of the record. *See Acadian*, 650 S.W.3d at 110; *Collective Ints.*, 2010 WL 2977458, at *3.

Here, the record as a whole demonstrated that FRSTeam could be served by the SOS. *See Acadian*, 650 S.W.3d at 110; *Collective Ints.*, 2010 WL 2977458, at *3. The

6

record provides that (1) FRSTeam has not appointed or maintained a registered agent for service of process in Texas; (2) FRSTeamis a foreign entity with a principal place of business in Alabama; (3) Top Notch's claims and causes of action are based on acts which occurred in Nueces County, Texas; (4) service on the SOS was requested; and (5) the SOS filed a *Whitney* certificate. Thus, the record shows that FRSTeam failed to appoint or maintain a registered agent, and the facts supporting service on the SOS were supported by the record. *See* TEX. BUS. ORGS. CODE ANN. § 5.251; *Acadian*, 650 S.W.3d at 110; *Collective Ints.*, 2010 WL 2977458, at *3. We overrule FRSTeam's first issue.

Next, FRSTeam argues that there is prima facie proof that service was defective because the SOS was unable to forward process to FRSTeam's most recent address. "When substituted service on a statutory agent is allowed, the designee is not an agent for *serving* but for *receiving* process on the defendant's behalf." *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004). "A [Whitney] certificate like the one here from the [SOS] conclusively establishes that process was served." *Id.* "Absent fraud or mistake, a [*Whitney* certificate] is conclusive evidence that the [SOS] received service of process and forwarded the process as required." *Zuyus v. No'Mis Commc'ns, Inc.*, 930 S.W.2d 743, 746 (Tex. App.—Corpus Christi–Edinburg 1996, no writ).

Here, the record reflects that the SOS fulfilled its statutory duty by forwarding the process to FRSTeam's registered address, by certified mail, return receipt requested, as reflected in the *Whitney* certificate. Whether the process was returned as "unable to forward" has no bearing on whether process was properly served. *See Campus*, 144 S.W.3d at 465–466 (holding that absent fraud or mistake, a *Whitney* certificate from the

SOS is conclusive evidence that the SOS received service of process as agent of the defendant regardless of whether the certificate of service bore the notation "Attempted—Not known"); *Acadian*, 650 S.W.3d at 111–112 (concluding that the SOS's *Whitney* certificate bearing the notation "Return to Sender, Not deliverable as Addressed, Unable to Forward" was conclusive proof, absent fraud or mistake, that process was properly served); *see also Ontario Produce, LLC v. Whitlock*, No. 13-19-00585-CV, 2021 WL 1045805, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 18, 2021, no pet.) (mem. op.) ("This is true even if the certificate states that the forwarded process was returned undelivered."). The SOS's "only duty is to forward the process to the registered agent's most recent address on file with its office by certified mail, return receipt requested." *Acadian*, 650 S.W.3d at 111; *see also COR 1558 Props., LLC v. Sunbelt Rentals, Inc.*, No. 13-22-00487-CV, 2023 WL 4499885, at *2 (Tex. App.—Corpus Christi–Edinburg July 13, 2023, no pet.) (mem. op.) ("Once the [SOS] has forwarded the service and citation to the defendant, it must issue what is known as a '*Whitney* certificate,' which conclusively establishes that it forwarded the service and citation.").

FRSTeam has not alleged fraud or mistake. *See Campus*, 144 S.W.3d at 465; *Acadian*, 650 S.W.3d at 112. Therefore, the SOS's *Whitney* certificate conclusively established that FRSTeam was properly served with process. *See Zuyus,* 930 S.W.2d at 746; *see also AGC Custom Homes, Inc. v. Gabbard*, No. 13-20-00294-CV, 2021 WL 1680198, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 29, 2021, no pet.) (mem. op.) ("The record, however, contains no certificate from the [SOS's] office indicating the [SOS] forwarded a copy of process to the appellant, and the record is otherwise silent in this

regard," thus, "service therefore did not strictly comply with the trial court's order."). We overrule FRSTeam's second issue.

### III.    CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Justice

Delivered and filed on the
6th day of June, 2024.

9