

## NUMBER 13-22-00487-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

COR 1558 PROPERTIES, LLC,                                             Appellant,

v.

SUNBELT RENTALS, INC.,                                               Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Silva**

Appellant COR 1558 Properties, LLC (COR) files this restricted appeal from a default judgment entered against it in favor of appellee Sunbelt Rentals, Inc. (Sunbelt). By a single issue, COR argues that the judgment should be reversed because service was defective. We vacate and dismiss.

## I.   BACKGROUND

On September 29, 2021, Sunbelt filed its original petition against COR and Synergy Construction of South Texas, LLC (Synergy),[1] alleging that Synergy breached a contract by failing to pay it $42,547.08 for rented equipment and that COR was unjustly enriched. Sunbelt sought to foreclose on a mechanic's lien against real property owned by COR and recover damages in the amount of $13,648.21.

The record contains a civil process request from Sunbelt to serve COR's registered agent with the original petition. However, no return of service for that request appears in the record. Sunbelt amended its petition on December 27, 2021, asserting that service was previously attempted on COR's registered agent, but the address provided was not a viable address. The petition requested that service on COR be fulfilled by serving the Secretary of State under Texas Civil Practice and Remedies Code § 17.044. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.044. A return of service for the first amended petition was filed on January 24, 2022, noting that service was executed on the Secretary of State on January 20, 2022.

Sunbelt filed a motion for default judgment against both Synergy and COR, which the trial court granted on May 27, 2022. COR filed its notice of restricted appeal on October 13, 2022.

## II.   RESTRICTED APPEAL

To prevail on a restricted appeal, an appellant must demonstrate:

(1)   it filed notice of the restricted appeal within six months after the judgment was signed;

---

[1] Synergy is not a party to this appeal.

(2) it was a party to the underlying lawsuit;

(3) it did not participate in the hearing that resulted in the judgment complained of, and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and

(4) error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)); *see* TEX. R. APP. P. 30. "For these purposes, the 'face of the record' consists of all the papers that were before the trial court at the time it rendered judgment." *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). "The requirement that error be apparent on the face of the record means that 'error that is merely inferred [from the record] will not suffice.'" *Id.* (quoting *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam) (alteration in original)).

Here, COR has demonstrated that it is entitled to a restricted appeal. *See Ex parte E.H.*, 602 S.W.3d at 495. The record clearly demonstrates that COR filed its appeal within six months after the judgment was signed, it was a party to the suit, and it did not participate in the hearing that resulted in judgment or filed other postjudgment motions. *See id.* Lastly, as explained below, error is apparent on the face of the record. *See id.* at 497 ("The task of determining error on the face of the record ultimately requires an analysis of the merits of the appellant's grounds for appeal.").

### III. SERVICE

**A. Applicable Law and Standard of Review**

"[T]rial courts lack jurisdiction over a defendant who was not properly served with process." *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (per curiam). A default

3

judgment requires that strict compliance with the rules for service of citation affirmatively appear in the record to withstand a direct attack. *Id.*; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam). There are no presumptions in favor of valid issuance, service, or return of service. *Spanton*, 612 S.W.3d at 316. A complete lack of service, as opposed to technical defects, renders a judgment void. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012) ("[A] judgment is void if the defects in service are so substantial that the defendant was not afforded due process."). Whether a defect in service is technical in nature or constitutes a complete lack of service turns on a litigant's fair opportunity to be heard. *Id.* at 274. "[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam).

Filing entities, including LLCs, must designate and maintain a registered agent in this state. TEX. BUS. ORGS. CODE ANN. § 5.201(a); *see id.* § 1.002(22) (defining "filing entity" to include LLCs). A suit against a filing entity must be served on its registered agent. *Id.* § 5.201(b)(1). If an entity fails to maintain a registered agent or that agent cannot be found at the registered office after reasonable diligence, a party may effectuate service on the Secretary of State. *Id.* § 5.251(1). However, prior to service on the Secretary of State, the record must affirmatively show that reasonable diligence was taken to serve the registered agent. *Maddison Dual Fuels, Inc. v. S. Union Co.*, 944 S.W.2d 735, 738 (Tex. App.—Corpus Christi–Edinburg 1997, no writ) ("When a citation

4

has been returned unserved, the officer's return must show the diligence used by the officer to execute the citation and the cause of his failure to execute it." (citing TEX. R. CIV. P. 107)).

If the Secretary of State is served, it "shall immediately send one of the copies of the process, notice, or demand to the named entity." *Id.* § 5.253(a). Once the Secretary of State has forwarded the service and citation to the defendant, it must issue what is known as a "Whitney certificate," which conclusively establishes that it forwarded the service and citation. *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 465 (Tex. 2004). Without such certificate, the trial court lacks jurisdiction over the defendant. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973); *see U.S. Bank Nat'l Ass'n as Tr. For Residential Asset Mortg. Prods., Inc., Mortg. Asset-Backed Pass-Through Certificates Series 2005-EFC2 v. Moss*, 644 S.W.3d 130, 132 n.2 (Tex. 2022) (recognizing that without a Whitney certificate from the Secretary of State, "the trial court did not have jurisdiction over the defendant"); *cf. Campus Invs.*, 144 S.W.3d at 466 ("A [Whitney certificate] from the Secretary of State *conclusively* establishes that process was served.").

B. **Analysis**

COR argues that the statute Sunbelt relied on to serve the Secretary of State only applies to foreign entities, which it is not, thus rendering the service defective. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.044. Sunbelt responds that although it cited the incorrect section, the language used in its petition and process were in accordance with the appropriate section, so service was not defective. *See* TEX. BUS. ORGS. CODE ANN.

5

§ 5.251(1). However, because the judgment is void as explained below, we lack jurisdiction to address the parties' argument and must vacate the judgment. *See Coronado*, 372 S.W.3d at 623.

The record contains a request for issuance of service for Sunbelt's original petition but not a return of service showing "the diligence used by the officer or authorized person to execute the same and the cause of failure to execute it." *See* TEX. R. CIV. P. 107(d); *Maddison Dual Fuels*, 944 S.W.2d at 738. Although Sunbelt's amended petition asserted that the address where service was attempted was not a viable address, pleadings are generally not evidence. *See Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 27 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971)); *cf. Collective Ints., Inc. v. Reagan Nat. Advert.*, No. 03-08-00283-CV, 2010 WL 2977458, at *3 (Tex. App.—Austin July 29, 2010, no pet.) (mem. op.) (concluding service on Secretary of State was proper where process server's recitations detailed attempts made to execute service on the registered agent before serving the Secretary of State). Moreover, merely pleading that service should be issued on the Secretary of State is not in strict compliance with the rules regarding service. *See* TEX. R. CIV. P. 107(d); *Spanton*, 612 S.W.3d at 316. Without more, we cannot presume that reasonable diligence was in fact exercised. *See Spanton*, 612 S.W.3d at 316; *Maddison Dual Fuels*, 944 S.W.2d at 738. Thus, service on the Secretary of State was not proper. *See* TEX. BUS. ORGS. CODE ANN. § 5.251(1); *Maddison Dual Fuels*, 944 S.W.2d at 738.

Furthermore, even if Sunbelt could demonstrate that the process server exercised

6

reasonable diligence, the trial court lacked personal jurisdiction over COR because the Whitney certificate from the Secretary of State was not filed. *See Whitney*, 500 S.W.2d at 96. Accordingly, error is apparent from the face of the record. *See Ex parte E.H.*, 602 S.W.3d at 497. The defects in service were of such a character and so substantial that they deprived COR a meaningful opportunity to be heard, which amounts to no service at all. *See Rivera*, 379 S.W.3d at 275. As such, the default judgment is void and must be vacated. *See id.*

## IV. CONCLUSION

We vacate the trial court's judgment and dismiss the appeal.

CLARISSA SILVA
Justice

Delivered and filed on the
13th day of July, 2023.

7