**Opinion issued December 19, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00911-CV

————————————

## BALKAN EXPRESS, LLC, Appellant

## V.

## STEFANIE HOLLINS, Appellee

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-47525**

---

## MEMORANDUM OPINION

This appeal stems from a bill of review proceeding filed to vacate a default judgment entered in an underlying case involving a collision between Appellee Stefanie Hollins' automobile and Appellant Balkan Express, LLC's truck. Hollins sued Balkan for negligence. Following unsuccessful attempts to serve Balkan,

Hollins moved for, and the trial court granted, a default judgment against Balkan. Balkan filed a bill of review requesting the default judgment be set aside arguing it was not personally served with service of process. Hollins moved for summary judgment arguing Balkan could not prevail on his bill of review because the default judgment had resulted from his own negligence. The trial court agreed, granting Hollins' motion for summary judgment and denying Balkan's bill of review.

In a single issue, Balkan argues the trial court erred in granting Hollins' summary judgment and dismissing his bill of review based on the finding Balkan was negligent in failing to update the service address for its registered agent on file with the Texas Secretary of State. Because the evidence established Balkan was negligent in failing to maintain a current service address for its registered agent with the Texas Secretary of State and that the default judgment resulted from its negligence, we conclude Balkan failed to satisfy the requirements for maintaining a bill of review.

We affirm.

## Background

Appellee Stefanie Hollins was involved in a collision with a truck owned by Appellant Balkan Express, LLC and driven by one of its employees. Hollins sued

2

Balkan for negligence.[1]  Three times Hollins attempted to serve Balkan with process through its registered agent, Zlatan Karic, at 7312 Rock Garden Trail, Fort Worth, Texas, 76123, the address on file with the Texas Secretary of State.  After the third unsuccessful attempt to serve Balkan, Hollins filed a first amended petition stating she had been unable to serve Balkan at the address on file with the Secretary of State.  Pursuant to Section 5.253 of the Texas Business Organizations Code, she requested that citation be issued to the Texas Secretary of State as the designated agent for process for Balkan.

On March 23, 2021, Hollins served the Texas Secretary of State with her first amended petition.  The Secretary of State served Balkan via certified mail, return receipt requested on March 29, 2021, sending the citation and amended petition to Balkan's registered agent at the address on file with the Secretary of State.  Process was returned to the Secretary of State's office on April 12, 2021 "Bearing Notation Return to Sender, Attempted Not Known, Unable to Forward." The Secretary of State issued a "*Whitney* Certificate" on June 30, 2021, certifying it received service of process for Balkan and that it forwarded the citation to Balkan pursuant to Section 5.253 of the Texas Business Organizations Code.[2]

---

[1]  The underlying lawsuit is styled *Stefanie Hollins v. Balkan Express, LLC*, Cause No. 2021-10318, in the 151st District Court of Harris County, Texas.

[2]  A *Whitney* Certificate is a certification filed by the Texas Secretary of State after forwarding process by certified mail, return receipt requested to the registered agent's most recent address on file with its office. *Acadian Props. Austin, LLC v.*

Balkan did not file an answer or make an appearance in the underlying lawsuit. Hollins moved for default judgment, attaching a Certificate of Last Known Address that identified 7312 Rock Garden Trial in Fort Worth as Balkan's last known mailing address. On August 30, 2021, the trial court signed a default judgment against Balkan, awarding Hollins $555,290 in damages.

Almost one year later, on August 5, 2022, Balkan filed a bill of review, requesting the default judgment be set aside because it had not been personally served with service of process. In its bill of review, Balkan argued that its failure to update its registered address with the Texas Secretary of State did not constitute negligence. Balkan attached the declaration of Zlatan Karic, Balkan's president and sole shareholder, to its bill of review. Karic stated in his declaration that he was unaware until he learned in June 2022 of Hollins' suit that Balkan had not informed the Secretary of State of its current business address. Karic explained the Rock Garden Court address on file with the Secretary of State was his home address when he incorporated the company. He claimed that at the time Hollins served Balkan through the Secretary of State, he had not lived at that address for five years.

*KJMonte Invs., LLC*, 650 S.W.3d 98, 111 (Tex. App.—El Paso 2021, no pet.). "The certificate is known as a 'Whitney Certificate' based on the Texas Supreme Court's holding in *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94 (Tex. 1973), in which the court concluded that such a certificate was necessary in cases in which the Secretary of State has accepted process as a defendant's agent." *Id.* at 111, n.12.

Hollins filed an answer to the bill of review and a hybrid motion for summary judgment. Hollins argued in her summary judgment that a bill of review is not available when a default judgment results from the defendant's own negligence. She argued Balkan had been negligent in failing to fulfill its legal duty to maintain a correct address for its registered agent with the Texas Secretary of State and that Balkan's negligence had resulted in the default judgment entered against it. Hollins argued there was "no evidence [] Balkan [could] offer that refute[d] its own negligence." Hollins also argued that Balkan's failure to maintain an updated address with the Secretary of State as required under the Texas Business Organizations Code and its failure to answer Hollins' suit was "as a matter of law, negligence that bars any equitable relief."[3]

In its summary judgment response, Balkan argued that (1) current case law does not indicate Balkan's failure to update its registered address with the Secretary of State defeated its bill of review; and (2) equity supports setting aside the default judgment via bill of review because, among other things, Hollins was responsible for the accident that led to the underlying litigation.

---

[3]     Hollins attached two exhibits to her summary judgment motion: the declaration of Zlatan Karic, Balkan's president and sole shareholder, and Balkan's Statement of Change of Registered Office/Agent filed with the Secretary of State on June 30, 2022. The latter changed the address of Balkan's registered office/agent from the Rock Garden Trial address to its current address.

During the hearing on Balkan's bill of review, the parties made largely the same arguments as in their summary judgment pleadings. Balkan argued that "failure to change the registered agent is not, as a matter of law, negligent." Balkan observed that had Hollins reviewed the police report from the accident or performed a Google search, she would have found the correct address for Balkan. Balkan also argued that when claiming a due process violation for lack of service or notice, a bill of review plaintiff "is relieved of providing the first two elements, and the third element, lack of negligence, is conclusively established if the bill-of-review Plaintiff can prove it was never served." In response, Hollins argued that the *Whitney* Certificate provided by the Secretary of State was "conclusive proof of compliance with statute." She argued that the record was "replete" with entries that Balkan's failure to receive "notice was due to [its] mistake" in failing to change the service address on file with the Secretary of State, and that "if you don't update your [registered agent's service] address, you're negligent."

Following the hearing, the trial court signed a final judgment that states in part:

> The Court finds that there is no genuine issue of material fact that it was the Bill of Review Plaintiff's (Balken) [sic] negligence that lead [sic] to the entry of the Final Judgment. Since, as a matter of law, the Bill of Review Plaintiff (Balken) cannot disprove this Bill of Review element (that the default judgment was not due to its own fault or negligence) equitable relief is not warranted/permitted and the bill is denied. It is further,

6

ORDERED, ADJUDGED AND DECREED that this summary judgment disposes of all parties and claims at issue in this case. All relief not herein granted is denied. . . .

Separate and apart from this Motion for Summary Judgment, the Court held an in-person hearing on the Bill of Review Plaintiff's Motion to set aside the underlying default judgment. . . . The Court hereby DENIES the Bill of Review Plaintiff's motion to set aside the underlying Default Judgment for the same reasons as in the Motion for Summary Judgment and signs this one Order covering both Motions.

This appeal ensued.

## Standard of Review and Applicable Law

### A. Summary Judgment

We review a trial court's ruling on a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Although Hollins filed a hybrid motion for summary judgment, the final judgment reflects the trial court granted a traditional motion for summary judgment. In reviewing a ruling on a traditional motion for summary judgment, "we take as true all evidence favorable to the nonmovant, and we indulge in every reasonable inference and resolve any doubts in the nonmovant's favor." *Walker v. Eubanks*, 667 S.W.3d 402, 406 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (citing *Valence Operating*, 164 S.W.3d at 661).

To prevail on a traditional summary judgment motion, the movant must establish both that no genuine issues of material fact exist and that it is entitled to

judgment as a matter of law. TEX. R. CIV. P. 166a(c). If the movant establishes it is entitled to summary judgment, the burden shifts to the non-movant to raise a genuine issue of material fact to defeat the summary judgment. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex. 1995). The defendant who moves for traditional summary judgment has the burden to "conclusively negate" at least one essential element of the plaintiff's cause of action. *Little v. Tex. Dep't. of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). Under the traditional rule, courts "never shift the burden of proof to the non-movant unless and until the movant has 'establish[ed] his entitlement to a summary judgment . . . by conclusively proving all essential elements of his cause of action or defense as a matter of law.'" *Draughon v. Johnson*, 631 S.W.3d 81, 87–88 (Tex. 2021) (quoting *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989)).

## B. Bill of Review

A bill of review is an equitable proceeding brought by a party who seeks to set aside a prior judgment that can no longer be challenged by a motion for new trial or a traditional appeal. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *see* TEX. R. CIV. P. 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law[.]"). "Courts

8

narrowly construe the grounds on which a plaintiff may obtain a bill of review due to Texas's fundamental public policy favoring the finality of judgments." *Mabon*, 369 S.W.3d at 812.

A plaintiff who files a bill of review ordinarily must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on the plaintiff's own part. *Caldwell*, 154 S.W.3d at 96. Bill of review plaintiffs who claim they were not served with the judgment at issue are excused from proving the first two elements. "First, if a plaintiff was not served, constitutional due process relieves the plaintiff from the need to show a meritorious defense. . . . Second, the plaintiff is relieved from showing that fraud, accident, wrongful act or official mistake prevented the plaintiff from presenting such a defense." *Id.* (citations omitted). But plaintiffs who claim non-service must still prove the third element, "that the judgment was rendered unmixed with any fault or negligence of their own." *Id.*

We review an order denying or granting a bill of review for abuse of discretion. *Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied). If the bill of review inquiry involves a question of law, such as whether appellant presented prima facie proof of a meritorious

defense, we use a de novo standard of review. *Id.* at 337 n.2. (citing *Mosley v. Dallas Cty. Child Prot. Servs.*, 110 S.W.3d 658, 66 (Tex. App.—Dallas 2003, pet. denied)). When as here, the trial court grants summary judgment on a bill of review, the proper standard of review is the de novo summary judgment standard. *Bowers v. Bowers*, 510 S.W.3d 571, 576 (Tex. App.—El Paso 2016, no pet.) (citing *Clarendon Nat'l Ins. Co. v. Thompson,* 199 S.W.3d 482, 487 (Tex. App.— Houston [1st Dist.] 2006, no pet.)).[4]

**Analysis**

In its sole issue, Balkan argues the trial court erred in granting Hollins' summary judgment motion and in denying its bill of review. In its final judgment granting Hollins' summary judgment motion and denying Balkan's bill of review, the trial court stated there was no genuine issue of material fact that it was Balkan's negligence that resulted in the entry of the default judgment. Because the order states that summary judgment was granted and the bill of review denied "for the same reasons," we address them together.

Balkan argues the trial court considered the wrong facts in determining whether Balkan could satisfy the third element of its bill of review—negating its

---

[4]     *See Bowers v. Bowers*, 510 S.W.3d 571, 576 (Tex. App.—El Paso 2016, no pet.) (noting it was not "in a procedural position" to "weigh the equities of the underlying bill of review. Rather, we are tasked only with viewing the record evidence through the prism of summary judgment and deciding whether there were material fact disputes that should have been resolved on the merits.").

10

own negligence. Balkan contends the trial court, rather than focusing on whether Balkan was negligent in failing to update its registered agent's service address, should have focused on Balkan's actions after learning of the default judgment, "whether it was negligent by failing to exhaust all other available legal remedies before it filed a petition for review." Balkan argues that Hollins' summary judgment was not well taken because Hollins knew of Balkan's correct service address but did not identify it when filing a certification of Balkan's last known address pursuant to Texas Rule of Civil Procedure 239a.[5]

Hollins argues the trial court properly granted her relief because Balkan's negligence led to the entry of the default judgment, and Balkan failed to demonstrate conclusively that the default judgment was not due to its own negligence.

## A. Service on Balkan's Registered Agent

After Hollins' third unsuccessful attempt to serve Balkan's registered agent with service of process at the address on file with the Texas Secretary of State, Hollins filed a first amended petition, stating she had been unable to serve Balkan

---

[5] Rule 239a, entitled "Notice of Default Judgment," provides in pertinent part:

> At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney must certify to the clerk in writing the last known email address and mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause.

TEX. R. CIV. P. 239a.

at its registered address. Hollins requested she be permitted to issue citation to the Texas Secretary of State as the designated agent for process for Balkan pursuant to the Texas Business Organizations Code. Section 5.251 of the Business Organizations Code provides that the Texas Secretary of State "is an agent of an entity for purposes of service of process, notice, or demand on the entity if . . . the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity." TEX. BUS. ORGS. CODE § 5.251. Section 5.253 provides that after service of process is completed under Section 5.252,[6] the Secretary of State must send a copy of the process to the named entity, "addressed to the most recent address of the entity on file with the secretary of state" via "certified mail, with return receipt requested." *Id.* § 5.253.

On March 23, 2021, Hollins served the Texas Secretary of State with her first amended petition. The Secretary of State served Balkan via certified mail, return receipt requested on March 29, 2021, sending the citation and amended petition to Balkan's registered agent at the address on file with the Secretary of State. *See id.* § 5.253. Process was returned to the Secretary of State's office on April 12, 2021 "Bearing Notation Return to Sender, Attempted Not Known, Unable to Forward." The Secretary of State issued a *Whitney* Certificate on June

---

[6] Section 5.252 of the Code explains how service on the Secretary of State is effected. It provides that service is effective by delivering duplicates copies of the process, notice, or demand to the Secretary of State along with any required fees. TEX. BUS. ORGS. CODE § 5.252.

12

30, 2021, certifying it received service of process for Balkan and that it had forwarded it to Balkan pursuant to Section 5.253 of the Business Organizations Code.

A *Whitney* Certificate "*conclusively* establishes that process was served." *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (citing *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986)) (emphasis in original). "When substituted service on a statutory agent is allowed, the designee is not an agent for *serving* but for *receiving* process on the defendant's behalf." *Dansk Express, LLC v. IPFS Corp.*, No. 01-22-00621-CV, 2023 WL 4937497, at *4 (Tex. App.—Houston [1st Dist.] Aug. 3, 2023, no pet. h.) (mem. op.) (emphasis in original) (citing *Campus Invs.*, 144 S.W.3d at 466). We observed in *Dansk* that "[o]nce the [*Whitney*] Certificate was filed, it constituted conclusive evidence, absent evidence of fraud or mistake" that the Texas Secretary of State, as appellant's agent, received service of process for appellant and forwarded the service as required by the statute. *Id.* (citing *Capitol Brick*, 722 S.W.2d at 401); *see also MG Int'l Menswear, Inc. v. Robert Graham Designs LLC*, No. 05-18-00517-CV, 2019 WL 642724, at *3 (Tex. App.—Dallas Feb. 15, 2019, no pet.) (mem. op.) ("Once [the] Whitney Certificate was filed, it dispensed with any further service requirements and was also conclusive proof that citation had been

forwarded as required by section 5.253 of the Texas Business Organizations Code.") (citing *Campus Invs.,* 144 S.W.3d at 466).

Balkan argued during the summary judgment and bill of review hearing that Hollins could have easily found Balkan's correct address for its registered agent by looking at the accident police report "or doing a quick Google search." But it was not incumbent upon Hollins to perform an internet search or review the police report for Balkan's address. Section 5.251(1)(B) of the Business Organizations Code permits service on the Secretary of State if:

> "the registered agent of the entity cannot with reasonable diligence be found *at the registered office of the entity.*" The statute does not require that an attempt be made to find the registered agent at any other place than at the entity's registered office. Therefore, the process server's attempts to find the registered agent at the second address, or at any other address, were unnecessary and are irrelevant to our determination of reasonable diligence. The only relevant attempt of service, for purposes of determining reasonable diligence, is the process server's sole attempt at service on the registered agent at the registered office.

*Pirate Oilfield Servs., Inc. v. Cunningham*, 631 S.W.3d 421, 427–28 (Tex. App.—Eastland 2021, no pet.) (citing *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827 (Tex. App.—Eastland 2012, no pet.)) (emphasis in original). Indeed, at the bill of review hearing, counsel for Balkan conceded that:

> [H]ad my opponent actually looked on the police report, he would have seen the correct address, or doing a quick Google search. *And again, not obligated to do that*, but gives me a bigger opening here to not have to prove those other elements up.

(Emphasis added.) Moreover, "the fact that [plaintiff] was aware of a possible alternative location at which [defendant's registered agent] could be found through the process server's research is irrelevant to the question of whether [plaintiff] used reasonable diligence in attempting to serve [defendant's registered agent] at his registered address." *Acadian Props. Austin, LLC v. KJMonte Invs., LLC*, 650 S.W.3d 98, 109 (Tex. App.—El Paso 2021, no pet.); *see also TXXN, Inc. v. D/FW Steel Co.*, 632 S.W.2d 706, 708 (Tex. App.—Fort Worth 1982, no writ) (holding that in serving process on corporation, plaintiff was not required to attempt service on address on invoice, as address did not create presumption that corporation was amenable to service there).

Balkan relies on *Mabon Ltd. v. Afri-Carib Enterprises, Inc*, while Hollins relies on *Campus Investments, Inc. v. Cullever* to advance their positions. We do not find the opinions to be inconsistent, and both are instructive.

In *Campus Investments, Inc.*, on which Hollins relies, the Texas Supreme Court affirmed the denial of an employer's bill of review based on the employer's negligence. The trial court entered a default judgment against the corporate employer of two adult bookstore employees who alleged they were injured during a robbery at the store. 144 S.W.3d 464, 465 (Tex. 2004). After several failed attempts to serve the employer's registered agent, the employees requested service on the Secretary of State. The Secretary issued a *Whitney* Certificate stating it

15

received and forwarded a copy of the citation and petition to the corporate employer by certified mail, but they were returned and marked "Attempted–Not Known." *Id.* The trial court entered a default judgment against the employer and denied its subsequent bill of review and summary judgment motion on the issue of proper service.[7]

This court affirmed the trial court's denial of the bill of review. *See Campus Invs., Inc. v. Cullever*, 141 S.W.3d 641, 642 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 144 S.W.3d 464 (Tex. 2004). The Texas Supreme Court affirmed the holding of this Court, holding the employer had been negligent in failing to comply with its statutory duties to update the address for its registered agent and registered office. *Campus Invs., Inc.*, 144 S.W.3d at 466. The Court held that the *Whitney* Certificate issued by the Secretary of State "conclusively establishe[d]" that process was served. *Id.* at 466. Thus, the evidence supported the trial court's denial of the bill of review. *Id.* (citing *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999).[8]

*Mabon Ltd.*, on which Balkan relies, involved a breach of contract action brought by a Texas oil and gas exploration corporation (Afri-Carib) against a

---

[7] *See Campus Invs., Inc. v. Cullever*, 141 S.W.3d 641, 642 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 144 S.W.3d 464 (Tex. 2004).

[8] Balkan argued during the hearing that *Campus Investments* "did not find that failure to update your registered agent was, as a matter of law, negligent. It found that a trial court did not abuse its discretion when it found the Petitioner to be negligent by failing to update its address."

Nigerian corporation (Mabon) for failure to pay commissions pursuant to a joint venture agreement. 369 S.W.3d 809, 810 (Tex. 2012). Afri-Carib sued Mabon for breach of contract, serving it with process through the Texas Secretary of State.[9] *Id.* Mabon hired a Texas attorney, who filed an answer and special appearance on its behalf. *Id.* Mabon's counsel was notified of the trial setting but failed to notify Mabon, and neither Mabon nor its counsel appeared at trial. *Id.* at 811. The trial court entered a default judgment against Mabon, and although notice of the default judgment was sent to Mabon's counsel, he did not notify Mabon of the default judgment or seek to challenge it. *Id.*

Mabon hired new counsel, who filed a restricted appeal, claiming the underlying contract was unenforceable. *Id.* The appellate court affirmed the default judgment but reduced the attorney's fee award. *Id.* Mabon then petitioned for a bill of review, claiming it had no notice of the trial setting or default judgment. The trial court denied the bill of review. This Court reversed and remanded and the Texas Supreme Court denied Afri-Carib's petition for review. *Id.*

On remand, the trial court granted the bill of review, vacated the default judgment, and ordered the parties returned to their original status. *Id.* After a discovery period, the trial court granted Mabon's motion for summary judgment

---

[9]     Mabon did not maintain offices or a designated agent for service in Texas. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 810 (Tex. 2012).

based on limitations. *Id.* Afri-Carib appealed. *Id.* The Fourteenth Court of Appeals affirmed the trial court's finding that Mabon did not have notice of the trial setting or default judgment and remanded the case to determine whether Mabon was "diligent in monitoring its case status." *Id.* Both parties petitioned to the Supreme Court for review. *Id.* at 82. Mabon argued the appellate court erred in creating a new diligence standard for bill of review plaintiffs and that the court should have affirmed when it found no notice. *Id.* Agri-Carib contended the court of appeals should have decided the issue as a matter of law rather than remanding to the trial court. *Id.*

The Supreme Court denied both petitions and then granted both parties' motions for rehearing. *Id.*

Although the Court held that lack of negligence "is conclusively established if the bill-of-review plaintiff can prove it was never served with process," it also explained "nothing in the record suggest[ed] that Mabon was negligent in its failure to receive notice of the trial setting or default judgment." *Id.* at 812–13. *Mabon* did not distinguish or overrule *Campus Investments*. It simply acknowledges *Campus Investments*, where the Court "affirm[ed] the trial court's denial of a bill of review where the petitioner never received service that was properly sent by the Texas Secretary of State because the petitioner was negligent

18

in failing to update the addresses for its registered agent and registered office." *Id.* (citing *Campus Invs.*, 44 S.W.3d at 466). The Court concluded:

> Because Mabon proved that (1) it had no notice of the trial setting or the default judgment within an adequate time to pursue alternative legal remedies, and (2) the lack of notice was not because of its own fault or negligence, the first two traditional bill-of-review requirements . . . are rendered unnecessary, and the final traditional requirement—lack of negligence—is conclusively established.

*Id.* at 813. The Court granted Mabon's petition for review, reversed the court of appeals' judgment, and reinstated the trial court's judgment. *Id.* at 814. In so doing, the Court held that while a party must show it diligently pursued all adequate legal remedies, it need not show it diligently monitored the case status. *Id.* at 813.

*Mabon* is distinguishable. Unlike the present case, there was no allegation that Mabon was not served with process or that Mabon was negligent in failing to maintain an accurate service address with the Secretary of State. Rather, the issue in Mabon involved a post-answer default judgment. There was also nothing in the record to suggest that Mabon's failure to receive notice of the trial setting or default judgment had resulted from its own negligence. *See id.* at 813.

We also do not find any inconsistencies between *Campus Investments* and *Mabon*.[10] We do not agree, as Balkan contends, that "*Mabon* clarified that the

---

[10]    *See Jones v. Neil*, No. 05-14-00617-CV, 2014 WL 3605747, at *1 (Tex. App.— Dallas July 21, 2014, no pet.) (mem. op.) (denying petition for permissive review,

negligence inquiry applies [only] to proof that the petitioner [pursued] all available legal remedies before filing the bill of review." Indeed, cases decided after *Mabon* have acknowledged *Campus Investment's* holding that in the context of a bill of review, a defendant who fails to update the address on file with the Secretary of State for its registered agent is negligent. *See, e.g., Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 164 (Tex. 2015) ("We have held that an entity's failure to update its registered address with the Secretary of State constitutes negligence in the service-of-process context."); *Acadian*, 650 S.W.3d at 112 ("[T]he record reflects that it was Acadian's own negligence in failing to comply with its statutory duty to provide the Secretary of State with a valid address for [Acadian's registered agent] that led to its failure to receive actual notice of the lawsuit from the Secretary."); *U.S. Energy Mgmt., Inc. v. JRB Int'l, L.P.*, No. 05-16-00505-CV, 2017 WL 1532043, at *3 (Tex. App.—Dallas Apr. 26, 2017, no pet.) (mem. op.) ("By failing to update the address for its registered agent and registered office, USEM was negligent in failing to comply with its statutory duties. . . . Accordingly, the trial court did not abuse its discretion by denying USEM's bill of review."); *Nava v. Schmidt*, No. 04-22-00686-CV, 2023 WL 7005843, at *4 (Tex. App.—San Antonio Oct. 25, 2023, no pet. h.) (mem. op.)

---

observing that *Campus Invs. v. Cullever*, 144 S.W.3d 464 (Tex. 2004) does not conflict with *Mabon Ltd. v. Afri-Carib Enterprises, Inc*., 369 S.W.3d 809 (Tex. 2012) in a "bill of review context").

("[I]f the factfinder at the bill of review trial finds that the bill of review plaintiff's negligence prevented it from receiving service, the trial court may deny the petition.") (citing *Mabon's* observation that *Campus Investments* "affirmed the trial court's denial of the petitioner's bill of review even though the petitioner had not received substituted service from the Secretary of State because '[the petitioner] had failed to update addresses for its registered agent and registered office'").

Balkan's reliance on *Majgek Partners, LLC v. Mo and Associate, LLC* is also misplaced. No. 05-21-00545-CV, 2022 WL 2236086 (Tex. App.—Dallas June 22, 2022, no pet.) (mem. op.). In that case, the Collin County taxing authorities sued Majgek, a Texas limited liability company, to recover back property taxes, penalties, and interest. *Id.* at *1. Citation was issued and mailed to Majgek's registered agent for service. *Id.* At the time, the registered agent was no longer at the address on file with the Texas Secretary of State. *Id.* The envelope with the citation and petition was returned marked "Not Deliverable as Addressed, Unable to Forward." *Id.* The plaintiff did not serve the Secretary of State as Majgek's deemed agent for service. *Id.* Instead, the plaintiff requested service on Majgek via citation by posting and the citation was posted in the Collin County courthouse on June 10, 2016. *Id.* Majgek did not answer or otherwise appear and judgment was rendered against it. *Id.* Six months later, the real property at issue was sold by a Collin County constable to Mo and Associate, LLC. *Id.* The

property later was sold to Jimmy and Susan Montgomery. *Id.* Majgek petitioned for a bill of review, seeking to regain possession of and quiet title to the real property. *Id.* Mo and the Montgomerys answered and moved for summary judgment, claiming Majgek's bill of review was not well taken, given that Majgek was not "free from fault or negligence" in allowing the default judgment to be taken. *Id.* Majgek cross moved for summary judgment, arguing that because it was never served with process, the element of negligence was negated as a matter of law. *Id.*

The trial court granted summary judgment in favor of Mo and the Montgomerys. It held that although Majgek was never served with process and the "minimum requirements of due process did not occur," Majgek could not sustain its bill of review because it was negligent in failing to update the address for its registered agent for service of process with the Texas Secretary of State. *Id.* The court of appeals reversed the trial court's judgment and rendered summary judgment in Majgek's favor. *Id.* at *3. In so doing, the appellate court relied on the taxing authorities' failure to serve Majgek with process. *Id.* The court stated:

> The reason a defendant cannot be negligent *when it has not been served with process* is that, absent service, waiver of service, or citation, the jurisdiction of the trial court has not been invoked and the defendant has no duty to act. The jurisdiction of the trial court to render judgment is dependent upon citation issued and served in a manner provided by law.

*Id.* at *2 (internal citations omitted) (emphasis added).

Balkan argues that *Majgek* holds that failure to update a registered agent's address with the Secretary of State is not negligence as a matter of law. We disagree. The court in *Majgek* held that "the undisputed evidence show[ed] Majgek was never served with process" at all, thus "it showed its entitlement to bring a bill of review as a matter of law."[11] *Id.* at *3.

The trial court's conclusion that Majgek "was never served with process" is inconsequential to our analysis because in the present case, it is undisputed that Balkan was served with process via the Secretary of State, and that the Secretary of State issued a *Whitney* Certificate establishing service on Balkan.[12]

We conclude that Balkan was negligent in failing to update the service address on file with the Secretary of State for its registered agent. Thus, Balkan failed to satisfy the third requirement for maintaining a bill of review.[13]

## B.    The Certificate of Last-Known Address

Balkan argues that there was a fact issue precluding summary judgment

---

[11]    The taxing authorities in Majgek did not serve the Secretary of State as Majgek's deemed agent when they learned the agent's service address listed with the Secretary of State was not valid. *Majgek Partners, LLC v. Mo and Assoc.*, *LLC*, No. 05-21-00545-CV, 2022 WL 2236086, at *1 (Tex. App.—Dallas June 22, 2022, no pet.) (mem. op.). Had they done so, they would have received a *Whitney* Certificate, which serves as conclusive evidence of service of process on the entity. *Campus Invs., Inc.*, 144 S.W.3d at 466.

[12]    *Majgek* did not consider *Campus Investments* or *Mabon* in its analysis.

[13]    Bill of review plaintiffs who claim they were not served with a default judgment are excused from proving the first two elements of a bill of review. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004).

because Hollins "did not even comply with Rule 239a by certifying to the clerk, in writing, the last known mailing address of the party against whom the default judgment was taken." It argues that the "case registry in the underlying case does not show any entry for such certification" and thus there was at least a fact issue preventing denial of its bill of review by summary judgment.

Balkan's argument does not change our conclusion that summary judgment was proper. First, contrary to Balkan's understanding, the record reflects that Hollins did attach a Rule239a certification as an exhibit to her motion for default judgment. Thus, Balkan's argument that the *lack* of certification created a fact question lacks support. Second, although Balkan argues it "discussed this fact" at the hearing on the summary judgment motion and bill of review, the appellate record reflects that Balkan neither presented this argument to the trial court nor presented evidence in support of such argument.

During the hearing on the bill of review and summary judgment motion, Balkan's counsel stated:

> [H]ad my opponent actually looked on the police report, he would have seen the correct address, or doing a quick Google search. And again, not obligated to do that, but gives me a bigger opening here to not have to prove those other elements up.

Balkan did not mention Rule 239a, and there is also no Rule 239a argument in Balkan's summary judgment response or in its bill of review. The argument is thus waived and we cannot consider it on appeal. *See* TEX. R. CIV. P. 166a(c) ("Issues

24

not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); TEX. R. APP. P. 33.1 (discussing preservation requirements); *see also Brookshire Katy Drainage Dist. v. Lily Gardens, LLC*, 333 S.W.3d 301, 308 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) ("Our review of a trial court's summary judgment extends to the evidence that was before the court at the time of the ruling") (citing *Plotkin v. Joekel*, 304 S.W.3d 455, 486 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)); *see also LendingHome Funding Corp. v. Tuesday Real Estate, LLC*, No. 05-20-00071-CV, 2021 WL 6124319, at *12 (Tex. App.—Dallas Dec. 28, 2021, no pet.) (mem. op.) ("[A]s this issue was not presented to or adjudicated by the trial court, we cannot consider this new argument.").[14]

We hold the trial court properly granted Hollins' motion for summary judgment and denied Balkan's bill of review. We overrule Balkan's sole issue.

## Conclusion

We affirm the trial court's judgment.

Veronica Rivas-Molloy
Justice

---

[14] The record does not reflect that Balkan submitted the case registry attached to its appellate brief to the trial court or as summary judgment evidence.

25

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.